# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ANTHONY MCFERRIN, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | No. 4:09CV180 CDP |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on movant's response to this Court's Show Cause Order. After reviewing the response, the Court finds that movant's § 2255 motion is time-barred. As a result, the Court will summarily dismiss this case.

Movant pled guilty on one count of being a felon in possession of firearms. On June 21, 2007, this Court sentenced movant to a prison term of 180 months. Movant appealed, and the United States Court of Appeals for the Eighth Circuit issued its judgment affirming the sentence on September 11, 2007. Movant did not file a petition for writ of certiorari with the United States Supreme Court.

For a federal prisoner who does not file a petition for a writ of certiorari, the judgment of conviction becomes final when the time for filing a certiorari petition with the United States Supreme Court expires. Clay v. United States, 537 U.S. 522, 527 (2003). Under the Rules of the Supreme Court of the United States, the time to file a

petition for writ of certiorari is 90 days after the date of entry of the judgment appealed from. Supreme Court Rule 13(1). The time does not run from the date of mandate. Supreme Court Rule 13(3); Clay, 537 U.S. at 527, 529. A federal prisoner, therefore, has one year and ninety days from the judgment of the appellate court within which to file a § 2255 motion.

The United States Court of Appeals for the Eighth Circuit entered its judgment on September 11, 2007. Movant's time to file his § 2255 motion expired on approximately December 9, 2008. Movant did not file his motion until at least January 1, 2009, the date on which he signed the motion.

Movant argues that the statute of limitations should be equitably tolled because (1) he was moved around in the prison system and did not have access to his legal papers until July 30, 2008; (2) he filed a motion for extension of time to file his § 2255 motion but the Court did not respond to the motion; (3) his counsel never told him what the deadline was for filing a § 2255 motion; and (4) he is claiming actual innocence. Movant says that he believed that the statute of limitations ended on October 3, 2008, which is one year after the Court of Appeals issued its mandate in the direct appeal.

The United States Court of Appeals for the Eighth Circuit has held that equitable tolling is proper only when extraordinary circumstances beyond a prisoner's

control make it impossible to file a petition on time or when the conduct of the respondent has lulled the movant into inaction. Jihad v. Hvass, 267 F.3d 803, 805-06 (8th Cir. 2001). Equitable tolling, however, is "an exceedingly narrow window of relief." Id. at 805. "Pro se status, lack of legal knowledge or legal resources, confusion about or miscalculations of the limitations period, or the failure to recognize the legal ramifications of actions taken in prior post-conviction proceedings are inadequate to warrant equitable tolling." Shoemate v. Norris, 390 F.3d 595, 598 (8th Cir. 2004) (quotation marks omitted); Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000) (holding that "even in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted"); Jihad, 267 F.3d at 805-07 (unsuccessful search for counsel could not warrant equitable tolling); Flanders v. Graves, 299 F.3d 974, 976-77 (8th Cir. 2002) (claim of actual innocence could not justify equitable tolling).

Movant's reasons for filing his § 2255 motion are not so extraordinary as to justify equitable tolling. Movant admits that he had possession of his legal papers for several months before the limitations period ended. The fact that movant's counsel did not inform him of the deadline is insufficient to warrant equitable tolling. A review of this Court's records reveals that movant never filed a motion for extension of time in this Court; even if movant had filed such a motion, the Court would have

lacked jurisdiction over it unless it was filed contemporaneously with a § 2255 motion. Ramirez v. United States, 461 F. Supp. 2d 439, 441 (E.D. Va. 2006). And plaintiff admits that he believed the statute of limitations was to expire on October 3, 2008; yet he did not make any attempt to follow up on his alleged motion for extension of time. Finally, claims of actual innocence do not justify equitable tolling. As a result, movant's § 2255 motion is barred by the statute of limitations, and the Court will dismiss this action without further proceedings.

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is **DISMISSED**.

An Order of Dismissal shall accompany this Memorandum and Order.

Dated this 3rd day of April, 2009.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE